IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WASEEM DAKER, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:03-CV-02481-RWS |
| : | |
| BRUCE CHATMAN, *et al*, : | |
| : | |
| Defendants. : | |

# ORDER

This case comes before the Court for consideration of Plaintiff's Motion for New Trial and Motion to Amend and Vacate Judgment [296].  After reviewing the record, the Court enters the following Order.

The facts of this case are fully reported in the prior Orders of this Court.  See generally Daker v. Ferrero, 475 F. Supp. 2d 1325 (N.D. Ga. 2007) (order on first motion for summary judgment); Daker v. Ferrero, 506 F. Supp. 2d 1295 (N.D. Ga. 2007) (order on second motion for summary judgment); Daker v. Chatman, No. 1:03-CV-2481, 2007 WL 4061961 (N.D. Ga. Oct. 31, 2007) (order granting in part Defendants' motion for directed verdict).  Plaintiff sued Defendants under 42 U.S.C. § 1983, seeking to recover for, among other things, (1) the content-based

1

denial of certain publications and certain personal mailings by prison officials while he was incarcerated within the Georgia Department of Corrections ("GDC") prison system; (2) the denial of procedural due process when prison officials rejected or seized certain mailings or publications from him; and (3) alleged acts of retaliation against Plaintiff for filing grievances and initiating this action.[1]

---

[1] These three of Plaintiff's original nineteen claims were tried to a jury between October 22 and October 24, 2007.  For ease of reference, the Court details the list of individual challenges Plaintiff brought in his Fourth Amended Complaint.

>    Count 1:  Stand-at-attention requirement
>    Count 2:  Restrictions on wearing a Kufi
>    Count 3:  Content-based denial of mail and publications
>    Count 4:  Denial of procedural due process when mail denied (prisoners)
>    Count 5:  Denial of procedural due process when mail denied (non-prisoners)
>    Count 6:  Requirement that mail be addressed to dormitory
>    Count 7:  Denial of procedural due process when publications denied (prisoners)
>    Count 8:  Content-based denial of foreign language publications
>    Count 9:  Denial of procedural to process when publications restricted (non-prisoners)
>    Count 10: Denial of gift publications (that are not paid in full by prisoner)
>    Count 11: Pre-paid Requirement for publications
>    Count 12: Requirement that Prisoner request book by name, title, and description
>    Count 13: Restrictions on size and number of publications possessed
>    Count 14: Seizure of publication without procedural due process
>    Count 15: Denial of legal materials of other inmates
>    Count 16: Requirement that printed material be received from publishers or attorney
>    Count 17: Requirement that specific request be made to receive publications from dealer
>    Count 18: Retaliation for filing this action and related grievances
>    Count 19: Denial of Digital Qur'an

The Court granted summary judgment to Defendants on Counts 1, 2, 6, 10, 11, 12, 13,

Prior to trial, by Order dated August 24, 2007 [268], the Court concluded that Defendants were entitled to qualified immunity on a majority of Plaintiff's approximately 55 claims alleging he was denied certain publications on the basis of content in violation of the First Amendment.  The Court agreed with testimony introduced by Defendants that censoring the titles *Different Loving: The World of Sexual Dominance and Submission*; *Witchcraft: A Secret History*; *The Mammoth Book of Love and Sensuality*; *The Joy of Sex*; *The Tao of Sexuality*; *The Kama Sutra*; three *Fantagraphics* catalogs, *Guide to Getting It On*, *Bin Laden: the Man Who Declared War on America*; and *Samurai: The World of the Warrior*, among others, was reasonably related to legitimate penological interests.  Since Plaintiff failed to show that he suffered a First Amendment injury upon the denial of these publications, the Court concluded that Defendants were entitled to qualified immunity.  (See Order of Aug. 24, 2007 [268] at 22-33.)

Plaintiff now moves to vacate the Court's judgment concerning the ten titles listed above, contending that this Court should reconsider its prior ruling in light of the testimony of Rick Jacobs, one of three members of the Publications Review Committee that considered appeals of decisions by prison administrators to censor

---

15, 16, 17, and 19.  The Court dismissed without prejudice Counts 5 and 9.  The Court denied summary judgment to Defendants on Counts 3, 4, 7, 8, and 14.  (See Order of February 26, 2007 [246] at 97-98.)

certain titles. Mr. Jacobs testified at trial that, at least as to certain of these books (no trial transcript has yet been produced), he would have voted not to censor them, because he did not believe that they present a security risk.

The Court declines to reconsider its prior ruling in light of Mr. Jacobs' testimony. The sentiment of Mr. Jacobs concerning how he would have voted on a three-person panel if asked whether to allow those publications into the GDC prison system does not define the contours of the First Amendment or negate the other prison officials' testimony in this action that their decision to exclude the publications listed was reasonably related to legitimate penological objectives.

It may well be, as Plaintiff has demonstrated, that reasonable prison officials could disagree over whether certain of these titles pose legitimate security concerns in a prison environment. But that disagreement entitles Defendants to qualified immunity. Unless <u>no</u> reasonable prison official could conclude that any of these publications present a security risk, then the "considerable deference" owed to officials engaged in the "'inordinately difficult undertaking' that is modern prison administration" and the robust legal protection afforded to governmental agents, who must be allowed to "carry out their discretionary duties without the fear of personal liability or harassing litigation," <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1194 (11th Cir. 2002), entitles the denying official to qualified immunity. See <u>Duamutef</u>

v. Hollins, 297 F.3d 108, 112 (2d Cir. 2002) (applying "heightened deference" to prison official's decision to censor publications).   For these reasons and for the reasons stated in its Order of August 24, 2007, the Court remains convinced that the denial of these publications was consistent with the protections afforded to prisoners under the First Amendment, see Turner v. Safley, 482 U.S. 78, 85, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987), and thus, Plaintiff suffered no constitutional injury.  Insofar as Plaintiff moves to vacate this Court's Order of August 24, 2007, that Motion is **DENIED**.

   Plaintiff also moves pursuant to Rule 59 of the Federal Rules of Civil Procedure for a new trial, contending that this Court erred in granting Defendants' Motion for a directed verdict on Plaintiff's procedural-due-process claims.  A party may seek a new trial by arguing that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S. Ct. 189, 85 L. Ed. 147 (1940); see also Weisgram v. Marley Co., 528 U.S. 440, 452, 120 S. Ct. 1011, 145 L. Ed. 2d 958 (2000).  However, a motion brought pursuant to Rule 59 may not "relitigate old matters, raise argument or present evidence that could have been

raised prior to the entry of judgment." Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (stating that motion to amend or alter judgment was essentially a motion to reconsider the district court's prior summary judgment order and should be examined under similar standard).

In moving for a new trial, Plaintiff reasserts the arguments he made at trial in response to Defendants' Motion for a directed verdict on Plaintiff's procedural-due-process claim. Although Plaintiff repeats that he was denied procedural due process by not being allowed to appeal directly to the Publications Review Committee, the Court rejected this argument and concluded instead in a written decision that Plaintiff was provided sufficient process by written notice of the denial of all publications at issue and an opportunity to appeal to the Superintendent of the GDC vis-a-vis the prison grievance procedure. (See Order of Oct. 31, 2006 at 16.) Plaintiff also failed to demonstrate at trial that any of the named Defendants in this action were responsible for ensuring the impoundment of publications on review, and in any event, that any failure on Defendants' part to provide a meaningful review process rose above mere negligence. (See id. at 18-21.) Defendants are entitled to qualified immunity, and the Court declines to reconsider that conclusion.

Accordingly, insofar as Plaintiff moves for a new trial, his Motion is **DENIED**.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for New Trial and Motion to Amend and Vacate Judgment [296] is **DENIED**.

**SO ORDERED** this  8th  day of January, 2008.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE